```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
SEHRA WAHEED,
                                            23-cv-10899 (JGK)
                    Plaintiff,
                                            MEMORANDUM OPINION
         - against -                        AND ORDER

EVERETT K. SANDS,

                    Defendant.
─────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

This is an action by the plaintiff that seeks to hold the defendant, the Chief Executive Officer ("CEO") of Lendistry, LLC ("Lendistry") liable for Lendistry's failure to consummate a loan to the plaintiff's company pursuant to a letter of intent. Judge Clarke has already dismissed a lawsuit by the plaintiff and her company claiming liability by Lendistry for failing to make that loan. See Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc., No. 23-cv-2349, 2023 WL 7529768, at *1 (S.D.N.Y. Nov. 13, 2023). The plaintiff now sues the CEO of Lendistry for the same claim. On February 7, 2024, the pro se plaintiff filed an "emergency affidavit . . . request[ing] immediate judicial review of [the] amended complaint . . . [and] an expedited Order . . . [,]" ECF No. 17, which the Court construed as an application for a preliminary injunction, ECF No. 18. For the following reasons, the plaintiff's application for a preliminary injunction is **denied.**

I.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To succeed on a motion for a preliminary injunction, the plaintiff must show: "(1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction." Benihana, Inc. v. Benihana of Tokyo, LLC, 784 F.3d 887, 895 (2d Cir. 2015).

A.

The plaintiff in this case has failed to show a likelihood of success on the merits of the claim or even serious questions going to the merits. If the plaintiff was unable to succeed against Lendistry, see Seren, 2023 WL 7529768, at *1, there is no likelihood that the plaintiff will be able to succeed on the merits of her claim against Lendistry's CEO. The plaintiff makes no effort to demonstrate the likelihood of success on her claim.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Furthermore, Lendistry's CEO has additional defenses that the plaintiff does not address. First, there is no showing that this Court has personal jurisdiction over the CEO based on either general or specific jurisdiction in connection with any of the activities in this case. See Big Apple Pyrotechnics & Multimedia Inc. v. Sparktacular Inc., No. 05-cv-9994, 2007 WL 747807, at *4 (S.D.N.Y. Mar. 9, 2007) ("An individual cannot be subject to jurisdiction under CPLR 301 unless he is doing business in New York as an individual rather than on behalf of a corporation."); Sparrow Fund Mgmt., LP v. Mimedx Grp., Inc., No. 18-cv-4921, 2019 WL 8955307, at *17 (S.D.N.Y. Nov. 7, 2019), report and recommendation adopted, 2020 WL 1330283 (S.D.N.Y. Mar. 22, 2020) ("[T]he fact that [an individual] traveled to New York as CEO of [a company] and derived revenue from that activity is insufficient to assert a claim for specific jurisdiction under Section 302(a)(1)."). Additionally, an executive of a corporation is not generally liable for the contracts of the corporation. See Shostack v. Diller, No. 15-cv-2255, 2016 WL 958687, at *3 (S.D.N.Y. Mar. 8, 2016) ("[A]bsent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations."). Finally, the plaintiff has failed to show

3

the specific involvement of the defendant in Lendistry's failure to make a loan to the plaintiff's company.

Moreover, the loan at issue would have been to the plaintiff's company, rather than to the plaintiff. See Seren, 2023 WL 7529768, at *1 ("On or around September 20, 2022, [the plaintiff] filed for a Lendistry loan program and applied for an SBA loan for Seren Fashion."). And the plaintiff, who appears pro se, cannot represent her company. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983).

**B.**

The plaintiff has also failed to make a sufficient showing of irreparable injury. Irreparable harm is the "single most important prerequisite" for a preliminary injunction. See Faiveley Transport Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009). "Irreparable injury is a sine qua non—if there is no irreparable injury, there can be no preliminary injunction." Markowitz Jewelry Co., Inc. v. Chapal/Zenray, Inc., 988 F. Supp. 404, 406 (S.D.N.Y. 1997). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007). Irreparable harm is harm that cannot be

4

compensated with money damages. See CRP/Extell Parcel I, L.P. v. Cuomo, 394 F. App'x 779, 781 (2d Cir. 2010) ("[The Court of Appeals for the Second Circuit] ha[s] long held that an injury compensable by money damages is insufficient to establish irreparable harm."). There is no showing that the failure to make a loan cannot be compensated with money damages. See ECF No. 17, at 2; ECF No. 23, at 5. The plaintiff's alleged injuries due to "loss of income" are not irreparable because they can be redressed by money damages.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the plaintiff has not met the high burden to show an entitlement to the extraordinary remedy of a preliminary injunction. Accordingly, the plaintiff's application for a preliminary injunction is **denied**.

**SO ORDERED.**

Dated:  New York, New York
        February 27, 2024

_____
John G. Koeltl
United States District Judge