**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SEHRA WAHEED,

                    **Plaintiff,**

          - against -

EVERETT K. SANDS,

                    **Defendant.**

**23-cv-10899 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

This is an action by the pro se plaintiff that seeks to hold the defendant, the Chief Executive Officer ("CEO") of Lendistry, LLC ("Lendistry") liable for Lendistry's failure to consummate a loan to the plaintiff's company pursuant to a letter of intent. Judge Clarke has already dismissed a lawsuit by the plaintiff and her company claiming that Lendistry is liable for failing to make that loan. See Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc., No. 23-cv-2349, 2023 WL 7529768, at *1 (S.D.N.Y. Nov. 13, 2023). The plaintiff now sues the CEO of Lendistry for the same claim.

The defendant moves to dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 19. After the defendant filed a reply on the motion to dismiss, without waiting for a decision on the motion to dismiss, the plaintiff filed a motion for reconsideration, which essentially sought to supplement her arguments on why the motion to dismiss should be denied. ECF No. 33. For the following reasons, the

defendant's motion to dismiss is **granted**, and the plaintiff's
motion for reconsideration is **denied**.

### I. Factual Background

In September 2022, Seren Fashion Art and Interiors, LLC,
the plaintiff's company ("the Company"), applied for a business
loan from Lendistry, see Am Compl. at 4, ECF No. 14, with the
plaintiff acting as a guarantor, see Declaration of Harry K.
Tiwari ("Tiwari Decl."), Ex. 2, ECF No. 19-2. In November 2022,
Lendistry sent the plaintiff a non-binding Letter of Intent. See
id. ("[T]his letter is non-binding and does not constitute a
commitment on the part of the Lender or the SBA at this time.").
Lendistry ultimately denied the Company's loan application,
citing inconsistencies between the tax returns and transcripts,
and returned $1,350 of the plaintiff's $1,500 deposit. See Am
Compl. at 10-11.

On February 15, 2023, the plaintiff and the Company filed
an action in New York County Supreme Court against Lendistry,
B.S.D. Capital, Inc. d/b/a Lendistry ("B.S.D."), and two
Lendistry employees who were involved in the loan application.
See Seren, 2023 WL 7529768, at *2. Those defendants removed the
case to this Court based on diversity of citizenship
jurisdiction and filed a motion to dismiss. See id. Through
counsel, the plaintiffs in that first action before Judge Clarke
filed an amended complaint alleging breach of contract, breach

2

of the covenant of good faith and fair dealing, and fraudulent inducement and negligence, and the defendants filed a motion to dismiss the amended complaint. See id. at *1-2.

In an Opinion and Order dated November 13, 2023, Judge Clarke granted the defendants' motion and dismissed the plaintiffs' amended complaint in its entirety. See id. at *1. The court concluded that "there was no intent by Defendants to enter a contract and no consideration[;] [t]herefore, there was no implied contract[;] [a]s such, there can be no breach of contract." See id. at *5. The court also dismissed "[p]laintiffs' claim for breach of the implied covenant of good faith and fair dealing [a]s duplicative of Plaintiffs' claim for breach of contract[.]" See id. Finally, the court found that "[p]laintiffs d[id] not meet the heightened pleading standard for a fraud claim and . . . dismisse[d] Plaintiffs' fraudulent inducement claim" and dismissed the plaintiffs' claim for negligence because they failed to "allege[] facts showing that Defendants owed Plaintiffs a duty of care." See id. at *6. The court's decision is currently on appeal to the Court of Appeals for the Second Circuit. See Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc., No. 23-cv-2349, 2023 WL 7529768 (S.D.N.Y. Nov. 13, 2023), appeal docketed, No. 23-7837 (2d Cir. Nov. 17, 2023).

On November 28, 2023, the plaintiff in this case and the Company filed this action in New York County Supreme Court, see ECF No. 1-1, which was removed to this Court on December 15, 2023, see ECF No. 1. The Court ordered the plaintiff, who was proceeding pro se, to file an amended complaint on behalf of herself because the Company cannot appear without counsel. See ECF No. 13 (citing Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)). On January 22, 2024, the plaintiff filed the current amended complaint on behalf of herself against the defendant, the CEO of Lendistry, seeking to hold the defendant personally liable for Lendistry's failure to consummate the loan. See Am Compl. at 1, 49.

On February 7, 2024, the plaintiff filed an emergency affidavit "request[ing] immediate judicial review of [the] amended complaint . . . [and] an expedited Order . . . ." ECF No. 17. The Court construed this emergency affidavit as an application for a preliminary injunction and ordered the parties to respond. ECF No. 18. In a Memorandum Opinion and Order dated February 29, 2024, the Court found that "the plaintiff ha[d] not met the high burden to show an entitlement to the extraordinary remedy of a preliminary injunction" and denied the plaintiff's application. ECF No. 30. For the same reason, the Court also denied the plaintiff's request for an expedited money judgment. ECF No. 31.

4

## II. Motion to Dismiss

### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."[1] <u>Mende v. Milestone Tech., Inc.</u>, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting <u>Kernan v. Kurz-Hastings, Inc.</u>, 175 F.3d 236, 240 (2d Cir. 1999). When the Court does not hold an evidentiary hearing and "relies solely on the pleadings and supporting affidavits, the plaintiff need only make a prima facie showing of jurisdiction. In determining whether a plaintiff has met this burden, [the Court] will not draw argumentative inferences in the plaintiff's favor" but will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 507 (2d Cir. 1994); <u>see also</u> <u>Mende</u>, 269 F. Supp. 2d at 251.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss, the Court may consider documents attached to or referenced in the complaint, documents that the plaintiff either possessed or knew about and relied on in bringing the lawsuit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). In particular, courts may take judicial notice of court documents and other public records. See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, No. 98-cv-3099, 2001 WL 300735, at *9 n.7 (S.D.N.Y. Mar. 27, 2001) (taking judicial

notice of "relevant pleadings, motion papers, orders, and judgments in [a] [separate] [c]ourt [a]ction" in resolving a Rule 12(b)(6) motion to dismiss). The purpose of taking judicial notice of such documents is to determine what statements the documents contained, not to establish the truth of the matters asserted therein. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Kramer, 937 F.2d at 774 ("[C]ourts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings.").

Finally, the Court must construe pro se pleadings liberally. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

## B. Rule 12(b)(2)

The defendant initially argues that the Court lacks personal jurisdiction over the defendant. See Def.'s Mot. to Dismiss at 6-8, ECF No. 21.

The breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located. See Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir. 2010) (per curiam); Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006). As the defendant correctly argues, see Def.'s Mot. to Dismiss at 7, there is no general personal jurisdiction over the defendant because he is a domiciliary of California and has not engaged in a continuous and systematic course of doing business in New York as an individual. See Laufer v. Ostrow 434

N.E.2d 692, 694 (N.Y. 1982) (citing N.Y. C.P.L.R. § 301); see also Wallace Church & Co. Inc. v. Wyattzier, LLC, No. 20-cv-1914, 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020) ("[A]n individual defendant cannot be subject to jurisdiction under CPLR § 301 unless he is doing business in New York as an individual rather than on behalf of a corporation."). The plaintiff does not dispute this. See Pl.'s Opp'n at 30-32, ECF No. 24. Indeed, the docket reflects that the defendant is a domiciliary of California. See ECF No. 1-1 (noting service on the defendant by mail in California); Tiwari Decl., Ex. 4, ECF No. 19-4 (Secretary of State record listing the defendant's residence as located in California). Therefore, there is no general personal jurisdiction over the defendant under N.Y. C.P.L.R. § 301.

Nor is there specific personal jurisdiction over the defendant pursuant to N.Y. C.P.L.R. § 302. See, e.g., Chinese Americans C.R. Coal., Inc. v. Trump, No. 21-cv-4548, 2022 WL 1443387, at *4 (S.D.N.Y. May 6, 2022). In this case, the plaintiff fails to allege that the defendant took any specific action related to the Company's loan application. See, e.g., Pl.'s Opp'n at 32 ("I sued . . . Mr. Sands, the CEO of Lendistry, . . . based solely on the fact that he is the CEO of the company and responsible for his involvement with and the knowledge of the Company's loan application . . . ."). Even if

the plaintiff were to allege specific action taken by the
defendant, such action alone would not support specific
jurisdiction over the defendant, a corporate officer acting on
behalf of a corporate employer. See, e.g., Sparrow Fund Mgt., LP
v. Mimedx Group, Inc., 2019 WL 8955307, at *17 (S.D.N.Y. Nov. 7,
2019) ("the fact that [the defendant] traveled to New York as
CEO of MiMedx and derived revenue from that activity is
insufficient to assert a claim for specific jurisdiction under
Section 302(a)(1)").

The plaintiff has therefore failed to assert a prima facie
case that there is personal jurisdiction over the defendant for
the claim asserted in this case.

### C. Rule 12(b)(6)

### i. Collateral Estoppel

The defendant also argues correctly that the plaintiff's
claim is barred by collateral estoppel. See Def.'s Mot. to
Dismiss at 9-12.

"Collateral estoppel prevents a party from relitigating in
a subsequent action or proceeding an issue clearly raised in a
prior action or proceeding and decided against that party . . .
whether or not the causes of action are the same." Simmons v.
Trans Express Inc., 170 N.E.3d 733, 737 (N.Y. 2021). Because
"the consequences of a determination that a party is
collaterally estopped from litigating a particular issue are

9

great, strict requirements for application of the doctrine must
be satisfied." <u>Gramatan Home Invs. Corp. v. Lopez</u>, 386 N.E.2d
1328, 1331 (N.Y. 1979). First, "[t]he doctrine applies only
where the issue in the second action is identical to an issue
which was raised, necessarily decided[,] and material in the
first action." <u>Simmons</u>, 170 N.E.3d at 737. "What is controlling
is the identity of the issue which has necessarily been decided
in the prior action or proceeding. Of course, the issue must
have been material to the first action or proceeding and
essential to the decision rendered therein." <u>Ryan v. N.Y. Tel.</u>
<u>Co.</u>, 467 N.E.2d 487, 490 (N.Y. 1984).

All of these requirements of collateral estoppel are met in
this case. First, the issue in this case is in essence the same
issue that was decided in the action before Judge Clarke. In
this case, the plaintiff seeks to hold the defendant responsible
for Lendistry's denial of the Company's loan application.
However, in the action before Judge Clarke, the court determined
that the plaintiff and her Company could not recover from
Lendistry for that same denial. <u>See</u> <u>Seren</u>, 2023 WL 7529768, at
*5-6. In other words, the defendant's liability in this case
depends on Lendistry's denial being actionable, and that issue
was decided against the plaintiff in the first action.

Furthermore, the issue of whether Lendistry's denial of the
loan application supported a cause of action was actually

litigated and decided in the action before Judge Clarke. An issue is actually litigated and decided when the court, as in the first action, dismisses a case for failure to state a claim after receiving briefing and conducting a thorough analysis. See, e.g., Brandon v. NPG Recs., Inc., No. 19-cv-1923, 2020 WL 2086008, at *7 (S.D.N.Y. Apr. 30, 2020), aff'd, 840 F. App'x 605 (2d Cir. 2020).

Moreover, the plaintiff had a full and fair opportunity in the first action to litigate the issue of whether Lendistry's denial of the Company's loan application supported a cause of action. A party has a full and fair opportunity to litigate an issue on a motion to dismiss if the party briefs the relevant issues and there are not other circumstances that may discourage or deter the party from fully litigating the determination. See Vega v. State Univ. of New York Bd. of Trustees, 67 F. Supp. 2d 324, 336 (S.D.N.Y. 1999). The plaintiff in this case does not argue that she was deprived of a full and fair opportunity to litigate the issues that were before Judge Clarke. See Pl.'s Opp'n at 31-32.

Finally, the issue of whether Lendistry's denial of the Company's loan application created liability was plainly necessary to Judge Clarke's ruling dismissing the first action with prejudice. See Seren, 2023 WL 7529768, at *5-6.

Therefore, the plaintiff is collaterally estopped from relitigating in this case the issue of whether liability arose from Lendistry's failure to extend a loan to the Company.

### ii. Failure to State a Claim

The defendant also argues correctly that the amended complaint fails to state a claim against the defendant. See Def.'s Mot. to Dismiss at 12-13.

The plaintiff fails to allege any facts that would give rise to a claim against the defendant. There are no allegations in the amended complaint that the defendant had any involvement with or knowledge of the Company's loan application. See Am. Compl. at 4-14 (alleging no involvement by the defendant while the loan application was under consideration).

Even if the plaintiff were not collaterally estopped from alleging wrongdoing in Lendistry's denial of the application, Lendistry's denial of the application would not create liability on the part of the defendant in this case. "[A]bsent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." Shostack v. Diller, No. 15-cv-2255, 2016 WL 958687, at *3 (S.D.N.Y. Mar. 8, 2016).

Finally, after the motion to dismiss was fully briefed, the plaintiff filed additional documents that appear to be documents

in support of her claim. See Pl.'s Mem. of Law in Resp. to
Def.'s Mot. to Dismiss, ECF No. 27; Pl.'s Mem. of Law, ECF No.
32. However, these documents do not support the plaintiff's
case. In fact, the documents support dismissal. While the
plaintiff claims that this lawsuit is different from the lawsuit
dismissed by Judge Clarke, the plaintiff's additional memorandum
of law begins with the sentence: "Plaintiff holds the Chief
Executive Officer . . . Lendistry . . . liable for Lendistry's
failure to consummate a loan to the Plaintiff's company pursuant
to a letter of intent." Pl.'s Mem. of Law at 7.

    Accordingly, the defendant's motion to dismiss the amended
complaint is **granted.**

### III. Motion for Reconsideration

    The plaintiff also moves for "reconsideration of
Plaintiff's Memorandum of Law Document # 32 filed on March 3rd,
2024." Pl.'s Mot. for Recons. at 1, ECF No. 33. Based on the
arguments therein about personal jurisdiction, see id. at 1-2,
the Court construes the motion as a motion to supplement or
"reconsider" the motion to dismiss. See Brownell v. Krom, 446
F.3d 305, 310 (2d Cir. 2006) (Courts must read the papers of pro
se litigants "liberally and interpret them to raise the
strongest arguments that they suggest.").

    The plaintiff has failed to show any bases for
reconsideration because the plaintiff filed her motion before

there was any Court decision to be reconsidered. Liberally construed, the plaintiff's submission is an effort to supplement her motion to dismiss. But there is nothing in the plaintiff's submission that supports the motion to dismiss.

As the defendant correctly argues, the cases that the plaintiff cites in her motion for reconsideration do not support the plaintiff's argument that the Court has jurisdiction over the defendant. <u>See</u> Def.'s Opp'n to Mot. for Recons. at 2-3, ECF No. 34. And the arguments in the plaintiff's reply memorandum, <u>see</u> Pl.'s Reply at 1-3, ECF No. 35, simply repeat the arguments raised in the plaintiff's opposition to the defendant's motion to dismiss, <u>see</u> Pl.'s Opp'n at 14, 18.

Accordingly, the plaintiff's motion for reconsideration is **denied.**

CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted**, and the plaintiff's motion for reconsideration is **denied**. The Clerk is directed to close all pending motions. The Clerk is also directed to enter Judgment dismissing this action. The Court declines to find good cause for the defendant to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915.

SO ORDERED.

Dated:     New York, New York
           April 16, 2024

                                        John G. Koeltl
                                United States District Judge