UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEHRA WAHEED,

                           Plaintiff,

          - against -

EVERETT K. SANDS,

                           Defendant.

---

23-cv-10899 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Sehra Waheed, attempted to obtain a small-business loan from B.S.D. Capital, Inc., doing business as Lendistry SBLC, LLC ("Lendistry"). When Lendistry denied Ms. Waheed's loan application, she sued. After another judge in this district granted Lendistry's motion to dismiss, Ms. Waheed separately sued Lendistry's CEO, Everett Sands, for essentially the same conduct. This Court granted Mr. Sands's motion to dismiss Ms. Waheed's amended complaint, and Ms. Waheed did not appeal. Ms. Waheed now moves pursuant to Federal Rule of Civil Procedure 60(b) to vacate that prior judgment.

                              I.

In September of 2022, Ms. Waheed applied for a small-business loan from Lendistry. Amended Compl. at 4 ¶ 1, ECF No. 14. According to Ms. Waheed, Lendistry repeatedly assured her that her application materials looked acceptable and suggested that she would be approved for a loan. Id. at 5-10.

However, Lendistry ultimately denied her application because Lendistry claimed to have identified discrepancies between Ms. Waheed's tax returns and her loan application. Id. at 11 ¶ 49.

In response, Ms. Waheed sued Lendistry in this district, bringing claims for breach of fiduciary duty, breach of contract, and fraud. Judge Clarke dismissed Ms. Waheed's complaint for failure to state a claim. Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc., No. 23-cv-2349, 2023 WL 7529768 (S.D.N.Y. Nov. 13, 2023). Ms. Waheed appealed, but the Court of Appeals for the Second Circuit summarily dismissed her appeal because it "lack[ed] an arguable basis either in law or in fact."[1] Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc., No. 23-7837, 2024 WL 4866898 (2d Cir. May 28, 2024).

Ms. Waheed next sued Mr. Sands for substantially the same conduct alleged in her first lawsuit. This Court granted Mr. Sands's motion to dismiss because Ms. Waheed was collaterally estopped from relitigating the issues previously decided by Judge Clarke and because Ms. Waheed otherwise failed to state a claim. Waheed v. Sands, No. 23-cv-10899, 2024 WL 1719363, at *3-5 (S.D.N.Y. Apr. 22, 2024). This Court also held

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

that it lacked personal jurisdiction to hear Ms. Waheed's claims against Mr. Sands, who lives and works in California. Id. at *3.

Ms. Waheed then sued Lendistry, Sands, and two other Lendistry employees in the United States District Court for the Central District of California, again asserting essentially the same claims regarding the 2022 denial of her loan application. The district court dismissed Ms. Waheed's complaint with prejudice on the ground that she was collaterally estopped from relitigating the issues decided by Judge Clarke and this Court. Waheed v. Sands, No. 24-cv-7168, 2025 WL 506180, at *5-6 (C.D. Cal. Feb. 5, 2025). Ms. Waheed again appealed, but the Court of Appeals for the Ninth Circuit summarily dismissed her appeal as frivolous. Waheed v. Sands, No. 25-980, 2025 WL 1420223 (9th Cir. Apr. 25, 2025).

Ms. Waheed now moves to vacate this Court's earlier judgment pursuant to Rule 60(b) and seeks leave to file another amended complaint. ECF No. 50. Mr. Sands cross-moves to designate Ms. Waheed a vexatious litigant and asks the Court to enjoin her from filing additional motions without first obtaining leave from the Court. ECF No. 54. Ms. Waheed in turn moves to strike Mr. Sands's original motion to dismiss and requests entry of a default judgment in her favor. ECF No. 56.

3

## II.

Rule 60(b) authorizes courts to set aside final judgments or orders for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) when the judgment is void; (5) when the judgment has been satisfied; or (6) for any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion for relief from a final judgment or order brought under Rule 60(b) "must be made within a reasonable time," and if brought based on subsections (1), (2), or (3), within one year of the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

Ms. Waheed moves to vacate the Court's earlier judgment pursuant to Rule 60(b)(2), (3), and (6). Specifically, she contends that she has discovered new evidence of "a widespread, predatory scheme"; that Mr. Sands fraudulently prevented Ms. Waheed "from discovering and pleading meritorious federal discrimination claims"; and that "a confluence of these factors ... constitutes extraordinary circumstances that justify relief to prevent a manifest injustice." Mot. to Vacate Judgment 2, ECF No. 50.

### A.

To the extent Ms. Waheed seeks relief under Rule 60(b)(2) and (3), her motion is untimely. Motions to vacate made under Rule 60(b)(1)-(3) must be made "no more than a year after the

4

entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000). Yet Ms. Waheed did not file this motion until September 2025 — more almost seventeen months after the Court entered its judgment on April 22, 2024. ECF No. 40. "[T]he plain language of clauses (2) and (3) creates no exception for evidence or fraud discovered more than a year after judgment." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 465 (S.D.N.Y. 2006).

To the extent Ms. Waheed seeks relief under Rule 60(b)(6), her motion is denied because it fails to identify any specific ground for relief independent of those underlying her arguments under Rule 60(b)(2) and (3). "[I]t is well-established that Rule 60(b)(6) should not be used to circumvent the one-year limitations period that applies to the specific clauses." LinkCo, Inc. v. Akikusa, 615 F. Supp. 2d 130, 136 (S.D.N.Y. 2009), aff'd, 367 F. App'x 180 (2d Cir. 2010) (summary order). To prevent that kind of gamesmanship, district courts "may treat a motion to vacate a prior judgment as having been made under [Rule] 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir. 1989). Yet in this case, Ms. Waheed makes no effort to identify more specific grounds for relief that do not fall within Rule 60(b)(2) and

5

(3). She claims only that a "confluence of" new evidence and fraud justify relief under Rule 60(b)(6). Mot. to Vacate 2. Ms. Waheed's motion is thus time-barred despite its reference to Rule 60(b)(6).

**B.**

Ms. Waheed's motion to vacate also fails because she never elaborates on the newly discovered evidence that supposedly justifies the relief she seeks. Ms. Waheed alludes to "numerous public complaints describing a nearly identical pattern of conduct ... against other small business owners," but she never presents those complaints in her briefs or accompanying papers. Pl.'s Mem. Supp. Mot. to Vacate 5, ECF No. 51. Nor does Ms. Waheed adequately explain why those "public complaints" could not have been discovered with reasonable diligence while the case was pending.

Ms. Waheed also fails to explain how any of this purportedly new information would change the outcome of Mr. Sands's earlier motion to dismiss.[2] None of the evidence to

---

[2] Ms. Waheed alleges that she only recently discovered that Lendistry maintains an office in New York. Pl.'s Mot. to Strike 4, ECF No. 56. In her view, Mr. Sands therefore deceived the Court by moving to dismiss for lack of personal jurisdiction. Id. Ms. Waheed does not identify the evidence of Lendistry's connection to New York in support of her motion to vacate — she does so only in support of her motion for entry of a default judgment. But these allegations do not support either motion because Ms. Waheed's earlier claim was dismissed for lack

which Ms. Waheed alludes would affect whether the Court has personal jurisdiction over Mr. Sands or whether Judge Clarke's earlier decision collaterally estops Ms. Waheed from relitigating the issues raised in her amended complaint.

*    *    *

Because Ms. Waheed's motion to vacate is both untimely and substantively deficient, it is **denied.**

<h2 style="text-align:center">III.</h2>

Mr. Sands cross-moves to designate Ms. Waheed a vexatious litigant and requests that the Court require Ms. Waheed to seek leave from the Court before filing any further motions.

"The United States Courts are not powerless to protect the public, including litigants from the depredations of those who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984). In considering whether to "restrict[] a litigant's future access to courts," the Court of Appeals for the Second Circuit has identified the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

---

personal of jurisdiction over Mr. Sands, not Lendistry. Waheed, 2024 WL 1719363, at *3.

7

(3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005).

Given Ms. Waheed's pro se status, sanctions are not appropriate at this time. The number and burden of Ms. Waheed's lawsuits are not yet so extensive as to warrant sanctions. However, the Court is mindful of its "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment[,] and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000). Ms. Waheed is therefore warned that the Court will consider entering an injunction if she persists in filing meritless motions. See, e.g., Doe v. Republic of Poland, 531 F. App'x 113, 115-16 (2d Cir. 2013) (summary order) (a district court may enjoin a "vexatious litigant from bringing new actions in any tribunal ... against persons whom the litigant has previously harassed through judicial proceedings"). That injunction would require Ms. Waheed to establish, to the Court's satisfaction, that she has a good-faith basis for filing any new motions

8

arising from her claims against Lendistry or Mr. Sands. See United States ex rel. Wolf v. United States, No. 19-cv-2100, 2019 WL 1865202, at *2 (E.D.N.Y. Apr. 23, 2019) ("Such injunction would require Wolf and Fallica to ... file a motion for leave to file any new action that relates to the USMMA transaction and/or any claims arising from the related lawsuits setting forth a good faith basis for the new filing, including why venue is proper in such court.").

## IV.

The Court has considered all the arguments raised by the parties. If any argument was not specifically addressed, it is either moot or without merit. For the foregoing reasons, the plaintiff's motions to vacate the judgment and to enter a default judgment in her favor are **denied**. The defendant's cross-motion to designate the plaintiff a vexatious litigant is **denied without prejudice**.

The Clerk is directed to close ECF Nos. 50, 54, and 56.

**SO ORDERED.**

Dated:    New York, New York
          December 10, 2025

John G. Koeltl
United States District Judge

9